# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## CIVIL DIVISION

JESSICA BAZE,

                            Plaintiff,

                        Case No.

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

                            Defendants.

## **COMPLAINT**

    NOW COMES Plaintiff, JESSICA BAZE ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"):

### Nature of the Action

    1.    This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

    2.    Plaintiff is a natural person at all times relevant residing in Barton County, in the City of Hoisington, in the State of Kansas.

    3.    At all times relevant, Plaintiff was a "consumer," as that term is defined by 15

1

U.S.C. § 1681(a)(c).

4.     Defendant EXPERIAN is a corporation conducting business in the State of Kansas and is headquartered in Costa Mesa, California.

5.     Defendant EXPERIAN is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6.     Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7.     Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

8.     Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9.     At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

10.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.    Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is a corporation headquartered within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of the property that is the subject of the action is situated within this District.

**Facts**

2

12.    Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN regarding a credit account that she had with Chase, settled with Chase, and paid to Chase.

13.    CRAs, including EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14.    Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

15.    Further, Furnishers are prohibited from furnishing information they know or should know is inaccurate.

16.    Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with Chase, an inaccuracy found in the credit report published by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update their reporting of the account in question:

17.    In or around August 2023, Plaintiff and Chase settled an account ending in 4602 (the "Account") for $1,110.25.

18.    Per the terms of the settlement agreement, Plaintiff made one (1) payment of $1,110.25 on August 22, 2023, which fully satisfied the settlement agreement and Account.

19.    On March 27, 2024, Plaintiff received a copy of her credit report from Defendant.

20.    To her surprise, despite Plaintiff's performance under the terms of the settlement agreement, Defendant reported the Account status as "Account charged off. $2,220 written off. $1,120 past due as of Feb 2024" with an outstanding, past-due balance of $1,120.00.

EXPERIAN also reported the Account rating as "CO" ("CO" meaning "Charge off," according to Defendant) until February 2024, even though the Account was paid and settled in August 2023. EXPERIAN further failed to report the payment Plaintiff made in satisfaction of the settlement agreement with CHASE.

21.     The Defendants' failure to report the Account correctly, including their failure to report the Account's accurate status, accurate balance, accurate rating, and accurate payment history, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

22.     On April 25, 2024, Plaintiff issued a dispute by mail to Defendant regarding the incorrect information being reported on the Account.

23.     In her dispute letter, Plaintiff disputed the incorrect information in her credit report, including the Account status, balance, rating, and payment history. Plaintiff also included proof of the agreement between herself and Chase and proof of the payments made in satisfaction of the agreement.

24.     Upon information and belief, pursuant to their obligations under the FCRA, Defendant notified Chase of Plaintiff's disputes within five days of receipt of the dispute.

25.     Further, upon information and belief, Defendant would have sent the documentation Plaintiff included in her dispute letter to Chase, including the terms of the settlement and proof of the payments.

26.     Despite her very specific disputes and accompanying documents supporting her disputes, the second set of credit reports from both CRA Defendants, received by Plaintiff on July 15, 2024, reiterated similar inaccuracies.

27.     EXPERIAN continued to report the Account status as "Account charged off. $2,220 written off. $1,120 past due as of Jun 2024" and had the "CO" rating now reporting until June 2024, with no change to the Account balance or payment history.

28.     At the time of filing this complaint, Defendant continue to report the Account as having an outstanding balance, with no change in the status, rating, or payment history to reflect the true and accurate information about Plaintiff's Account.

29.     Upon information and belief, Defendant continues to report this information because they failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in her dispute letter.

30.     Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, CRA's are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

31.     If Defendant had complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

32.     As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

33.     Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

34.     Because of her concern over the effects Defendants' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

35.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36.   After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

37.   EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

38.   As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39.   EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40.   In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

41.   Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

42.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

6

43.    After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

44.    Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

45.    As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46.    EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47.    In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 06/16/2025                    Respectfully submitted,


                                     /s/ Jonathan Yong
                                     Jonathan Yong
                                     **Gator Law, P.C.**
                                     2 N Central Avenue, Ste 1800
                                     Phoenix, AZ 85004
                                     P: (385) 324-5471
                                     E: attorneys@gatorlawpc.com

                                     **Attorneys for Plaintiff,**
                                     **JESSICA BAZE**