_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01288-FWS-ADS | Date: July 29, 2025 |
| Title: Jessica Baze v. Experian Information Solutions Inc. | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [13]**

     Plaintiff Jessica Baze filed this case against Defendant Experian Information Solutions, Inc. ("Defendant") on June 16, 2025. (Dkt. 1 ("Complaint").) Plaintiff filed a Proof of Service on July 2, 2025, indicating that Defendant was served on June 30, 2025, such that Defendant's answer was due on July 21, 2025. (Dkt. 12.) Although Defendant did not file an answer or seek other relief by the July 21, 2025, deadline, Plaintiff did not take any action. (*See generally* Dkt.) Accordingly, on July 23, 2025, the court issued an Order to Show Cause Re Dismissal for Lack of Prosecution. (Dkt. 13 ("OSC").) The OSC ordered "Plaintiff to show cause in writing, no later than **July 25, 2025**, why this action should not be dismissed for lack of prosecution." (*Id.* at 1.) The court noted that, "[a]s an alternative to a written response by Plaintiff, the Court will consider as an appropriate response to this OSC the filing of" a request for entry of default, a stipulation extending Defendant's time to respond to the Complaint, or a notice of voluntary dismissal. (*Id.*) The court specifically advised that "[f]ailure to file a timely and appropriate response to this Order may result in dismissal without further order or notice from the court." (*Id.*) Now, days after the court's deadline for Plaintiff to respond to the OSC, Plaintiff has filed nothing. (*See generally* Dkt.)

     District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01288-FWS-ADS | Date: July 29, 2025 |
| Title: Jessica Baze v. Experian Information Solutions Inc. | |

docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In this case, the court finds these factors support dismissal due to Plaintiff's failure to prosecute this case and comply with the OSC. (Dkt. 13.) As to the first factor, "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal." *Id.* at 642.

The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id*. When a plaintiff fails to take action or seek relief after a defendant fails to timely respond to a complaint, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *see Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw. Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadlines to file motion for default judgment, reasoning as to this factor, "Second, the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket").

The third factor, the risk of prejudice to Defendant, is neutral. *Cf. Pagtalunan*, 291 F.3d at 642 ("To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case.").

As to the fourth factor, the court has attempted less drastic alternatives, but they have been unsuccessful. The court gave Plaintiff sufficient time to respond to the OSC and informed Plaintiff that failure to file a timely and appropriate response to the OSC may result in dismissal of this case. (Dkt. 13); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("[A] district court's warning to a party that his or her failure to obey the

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01288-FWS-ADS | Date: July 29, 2025 |
| Title: Jessica Baze v. Experian Information Solutions Inc. | |

court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *see also Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *2 (N.D. Cal. Sept. 20, 2010) ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."); *Keawe*, 2024 WL 1495085, at *2 ("Fourth, less drastic sanctions are not appropriate and would be futile given Plaintiff's repeated failure to comply with the Court's prior orders."). The court therefore finds this factor weighs in favor of dismissal.

Finally, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). The court finds Plaintiff's failure to timely prosecute this case or respond to the court's OSC lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. The court therefore finds this factor is neutral and does not preclude dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal. *See Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."). This case is therefore **DISMISSED WITHOUT PREJUDICE**.

___